**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-51-GF-BMM |
| | CV 16-111-GF-BMM |
| Plaintiff/Respondent, | |
| | |
| vs. | **ORDER DENYING § 2255 MOTION, AND DENYING IN PART AND GRANTING IN PART CERTIFICATE OF APPEALABILITY** |
| LOUIS JAMES ROMERO, | |
| Defendant/Movant. | |

Defendant/Movant Louis James Romero filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 on November 1, 2016. Romero is a federal prisoner proceeding pro se.[1]

## I. Preliminary Review

The motion is subject to preliminary review before the United States is required to respond. The Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of

---

[1] The motion was stayed pending disposition of Romero's appeal concerning denial of his motion to reduce the sentence under 18 U.S.C. § 3582(c)(2). The Court of Appeals has denied the appeal and issued its mandate. The stay will be lifted.

constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Romero was indicted with four co-defendants on charges of conspiracy to possess with intent to distribute at least 500 grams of methamphetamine (Count 1) and a detectable amount of cocaine (Count 2), both violations of 21 U.S.C. §§ 846 and 841(a)(1); possession with intent to distribute (Count 3) and distribution (Count 4) of the same amount of methamphetamine; and possession with intent to distribute at least 500 grams of a substance containing methamphetamine (Count 7). Counts 3, 4, and 7 alleged violation of 21 U.S.C. § 841(a)(1). Counts 1, 2, 3, and 4 were alleged to have occurred in Browning and Great Falls, Montana, from November 2010 through June 2012. Count 7 was alleged to have occurred on June 27, 2012, in Shelby, Montana. *See* Indictment (Doc. 20) at 2-6.[2]

The parties filed a fully executed plea agreement on August 10, 2012.

---

[2] The Indictment remains sealed because one defendant has not appeared.

Romero agreed to plead guilty to Count 2, the cocaine charge, and to waive his right to appeal the sentence if he did not object to the guideline calculation and the sentence was within the resulting range. The United States agreed to dismiss the other counts and to seek a three-level downward adjustment for acceptance of responsibility, provided Romero did not obstruct justice. *See* Plea Agreement (Doc. 63) at 2-3 ¶ 2 paras. 1, 3; 7-8 ¶ 6; 8-9 ¶ 8(a).

The United States filed an Information under 21 U.S.C. § 851 on August 13, 2012, alleging that Romero previously had been convicted of a felony drug offense in Washington, specifically, conspiracy to possess marijuana with intent to deliver it. *See* Information (Doc. 66) at 2. Filing of the Information elevated the maximum penalty from 20 to 30 years in prison. *See* 21 U.S.C. §§ 841(b)(1)(C), 851(a)(1). Romero acknowledged the prior conviction and the enhanced penalty in the plea agreement. *See* Plea Agreement at 2-3 ¶ 2 para. 2. Ten days later, on August 23, 2012, Romero pled guilty to Count 2 in open court. *See* Minutes (Doc. 76).

A presentence report was prepared. Romero was held responsible for 500 grams to 2 kilograms of cocaine. His base offense level was 26, and he received a three-point reduction for acceptance of responsibility. Romero also had two prior felony convictions for controlled substance offenses. One was the conviction alleged in the United States's Information. *See* Presentence Report ¶ 47. The other

3

was a California conviction for possession of marijuana for sale.  *See* Presentence

Report ¶ 45.  These two convictions meant that he qualified as a career offender.

*See* U.S.S.G. § 4B1.1(a).  As a result, his base offense level was increased to 34,

and his criminal history category was increased from IV to VI.  *See id.* § 4B1.1(b)

& (2); Presentence Report ¶ 33.  Without the career offender enhancement,

Romero's advisory guideline range would have been 70 to 87 months.  With it, the

range was 188 to 235 months.  Romero was sentenced on December 12, 2012, to

serve 235 months in prison, to be followed by six years' supervised release.  *See*

Minutes (Doc. 113); Judgment (Doc. 134) at 2-3.

On January 6, 2015, Romero moved for a sentence reduction under 18

U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the Sentencing Guidelines.

The Court denied his motion due to the fact that Romero had been sentenced as a

career offender.  The Ninth Circuit affirmed on January 25, 2017.  *See* Mot. to

Reduce Sentence (Doc. 135); Amended Judgment Denying Reduction (Doc. 137)

at 1; Mem. (Doc. 161) at 2, *United States v. Romero*, No. 16-30007 (9th Cir. Jan.

25, 2017) (unpublished mem. disp.).

Nearly four years after the original judgment was entered, Romero filed a

motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  *See.*

Mot. § 2255 (Doc. 157); Br. in Supp. (Doc. 158).  He moved to amend his § 2255

motion on September 29, 2017.  *See* Supp. (Doc. 167).

### III. Claims

Romero asserts that his two prior felony drug convictions do not qualify as predicate offenses for the career offender enhancement. *See* Mot. § 2255 (Doc. 157) at 4 ¶ 12. He relies on the Supreme Court's decisions concerning the divisibility or indivisibility of statutes, *see Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243, 2256 (2016), and *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276, 2281 (2013), as well as circuit decisions applying those cases, *see, e.g.*, *United States v. Hinkle*, 832 F.3d 569, 575-77 (5th Cir. 2016), *cited in* Br. in Supp. (Doc. 158) at 2.

Second, Romero appears to contend that his federal sentence was unreasonable when it was imposed. He claims that most people with prior drug-trafficking offenses receive less time than he did. *See* Br. in Supp. at 5-6. He further argues that he "received a sentence higher than he would have received if he had gone to trial." *Id*. at 6.

Third, Romero argues that the character of his prior convictions changed when California and Washington amended the statutes he was convicted of violating. *See* Br. in Supp. at 2-4. With respect to the Washington conviction, he implicitly asserts a claim of ineffective assistance of counsel. *See id.* at 3.

Romero's motion to amend his § 2255 motion alleges that *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), and *Welch v. United States*, __ U.S. __,

136 S. Ct. 1257 (2016), are pertinent to his case. *See* Mot. to Am. (Doc. 167) at 2.

He also claims that a fatal defect in the Indictment, resulted in a lack of

jurisdiction. *Id.* at 3-5.

## IV. Analysis

The doctrine of procedural default and the one-year statute of limitations

likely bar Romero's § 2255 motion. 28 U.S.C. § 2255(f)(1). The Court

nevertheless addresses his claims on their merits.

### A. Waiver

Romero waived his first two claims pursuant to the terms of the plea

agreement. *See* Plea Agreement (Doc. 63) at 9 ¶ 8(a) para. 2.

#### 1. *Mathis* and *Descamps*

As pertinent here, *Mathis* and *Descamps* altered the way federal sentencing

courts in the Ninth Circuit (and others) decide whether a prior drug conviction

under state law counts as a "controlled substance offense" under U.S.S.G. §

4B1.2(b). At the time Romero was sentenced, courts generally would consult

certain documents from the record of the state case. *See Shepard v. United States*,

544 U.S. 13, 16 (2005).

The sentencing court would review the state court record to determine in

what drug a defendant trafficked. For instance, a person convicted in California of

trafficking in heroin would be found to have committed a "controlled substance

offense" within the meaning of federal law even if the statute of conviction prohibited trafficking in other drugs not defined as "controlled substances" under federal law, such as apomorphine. *See, e.g.*, *United States v. Leal-Vega*, 680 F.3d 1160, 1168 (9th Cir. 2012); *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007).

*Descamps* and *Mathis* clarified that "[t]he *first* task for a sentencing court" is to examine the statute that defines the state crime to determine whether it sets forth alternative elements, or merely alternative means of committing the offense. *Mathis*, 136 S. Ct. at 2256. In other words, the sentencing court must determine whether the state statute is divisible or indivisible. If the statute is indivisible, the sentencing court may not consult *Shepard* documents to determine whether the defendant's conviction meets the terms of the applicable federal law. A person convicted in Arizona of trafficking in crack cocaine under Arizona Revised Statutes § 13-3408(A)(2), no can longer be found to have committed a "controlled substance offense," because the state statute is indivisible and prohibits trafficking in other drugs not defined as "controlled substances" under federal law, such as benzylfentanyl and thenylfentanyl. *See, e.g.*, *United States v. Sanchez-Fernandez*, No. 15-10291, 2016 WL 5404056 at *1 (9th Cir. Sept. 28, 2016), *cited in* Br. in Supp. at 1-2.

Romero seeks to use this development in the law to invalidate his own

designation as a career offender. He might be correct that his Washington conviction no longer would count as a "controlled substance offense." It appears, however, that Romero's plea agreement waived his right to challenge his sentence under 28 U.S.C. § 2255:

> The defendant also waives his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

Plea Agreement (Doc. 63) at 9 ¶ 8(a) para. 2.

The waiver would not apply if Romero had been subject to an illegal sentence. *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). An illegal sentence "exceeds the permissible statutory penalty for the crime or violates the Constitution." *Id.* Romero's designation as a career offender did not elevate the statutory minimum or maximum sentence, as, for instance, a conviction under the Armed Career Criminal Act does. *See* 18 U.S.C. § 924(e)(1); *Johnson*, 135 S. Ct. at 2555-56. Career offender designation did not impose a new conviction and sentence, thereby triggering a separate, additional statutory penalty, as a conviction under 18 U.S.C. § 924(c) does. *See* 18 U.S.C. § 924(c)(1)(A), (D)(ii). Romero's sentence as a career offender did not exceed the permissible statutory penalty for the offense that he admitted.

Romero's sentence does not violate the Constitution. The sentencing

guidelines in general, and the career offender provision in particular, have not been held to violate the Constitution. *Descamps* involved a matter of statutory interpretation rather than any constitutional concerns. *See Ezell v. United States*, 778 F.3d 762, 766-67 (9th Cir. 2015). By extension, *Mathis* also is not of constitutional dimension.

The terms of the waiver recognize ineffective assistance of counsel as an exception, but Romero cannot demonstrate that counsel was ineffective. His sentence complied with Ninth Circuit law at the time it was imposed. Counsel's performance was not unreasonable. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In fact, the ruling of *Descamps* (and its implication) was so difficult to comprehend that the Supreme Court was compelled to decide a virtually identical case again three years later to reiterate its point. *See Mathis*, 136 S. Ct. at 2253-54. Moreover, because Romero was sentenced before *Descamps* and *Mathis* were issued, no reasonable probability exists that he would have avoided a career offender designation even if counsel had made at the sentencing hearing exactly the argument Romero seeks to make now. *See Strickland*, 466 U.S. at 694.

Finally, Romero's claim does not depend on "facts" that could not have been known at the time he pled guilty. Even assuming a groundbreaking new decision, such as the *Johnson* decision in 2015, could be a "fact," it does not make sense to say that *Descamps* and *Mathis*—two decisions that merely clarified the law—were

not "reasonably capable of being known" before they were issued. *See, e.g.*, *Descamps*, 135 S. Ct. at 2283 ("Our case law explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *id.* at 2286 ("We know Descamps' crime of conviction, and it does not correspond to the relevant generic offense. Under our prior decisions, the inquiry is over.").

Regardless of whether 28 U.S.C. § 2255 could provide relief in Romero's situation, and regardless of whether Romero could receive the same sentence today, the plea agreement's waiver applies and must be enforceable here. This claim is denied as waived.

### 2. Reasonableness of the Sentence

Under the rule of *Bibler*, Romero's claim that his sentence was unreasonable is also waived.

### B. Legalization of Marijuana in California and Washington

Romero was convicted in California in 1996. At that time, California prohibited the possession of marijuana for sale and punished it by a prison sentence of at least 16 months. *See* Cal. Health & Safety Code § 11359; Cal. Penal Code § 1170(h)(1); *see also, e.g.*, *United States v. Apodaca*, 512 Fed. Appx. 509, 514-15 (6th Cir. 2013) (unpublished mem. disp.); Fed. R. App. P. 32.1(a).

Romero was convicted in Washington in 2007. At that time, Washington prohibited conspiracy to commit a controlled substance offense and also prohibited

possession of controlled substances, including marijuana, with intent to deliver them. *See* Wash. Rev. Code §§ 69.50.401(1), -.407; *United States v. Crawford*, 520 F.3d 1072, 1079-80 (9th Cir. 2008); *see also United States v. Burgos-Ortega*, 777 F.3d 1047, 1054-55 (9th Cir. 2015).

Both states amended their statutes to eliminate or reduce punishment for certain offenses involving marijuana after Romero had been convicted and sentenced in Washington and in California. Romero was convicted and sentenced in this Court before California amended its statutes, but after Washington had amended its statutes. He argues that neither of these prior convictions should continue to count against him. He adds that counsel was ineffective for failing to challenge the Washington conviction, because it was clear at the time of his federal sentencing that Washington was on the verge of legalizing marijuana.

Romero does not claim, however, that either Washington or California has vacated his conviction under its previously-applicable laws. *See, e.g.*, *Johnson v. United States*, 544 U.S. 295, 302-04 (2005); *Daniels v. United States*, 532 U.S. 374, 382 (2001). Even assuming Romero's conduct would have been legal under the states' new laws (a fact he does not attempt to demonstrate), it remains true that his conduct was criminal when he engaged in it. Both at the time of his federal sentencing and today, he "has at least two prior felony convictions of . . . a controlled substance offense." U.S.S.G. § 4B1.1(a). And even if a California court

reclassifies Romero's felony conviction to a misdemeanor, *see* Mot. to Amend (Doc. 167) at 13, that will "not change the historical fact that [Romero] violated § 841 'after'" a prior conviction for a felony drug offense had become final. *See United States v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016) (internal brackets omitted) (quoting 21 U.S.C. § 841(b)(1)(A)); *see also* 21 U.S.C. § 841(b)(1)(C); U.S.S.G. § 4B1.1(a) & Application Note 4 (stating that departure may be warranted where felony had already been reclassified to misdemeanor "at the time of sentencing for the instant federal offense"); *id.* § 4B1.2(b).

This claim is denied for lack of merit.

**C. Motion to Amend**

Finally, Romero seeks leave to amend his original § 2255 motion to add claims under *Johnson* and *Welch* and to assert that the sentencing court lacked jurisdiction to proceed against him. The Court first analyses whether *Johnson* and *Welch* addressed specific language in the residual clause of U.S.S.G. § 4B1.2(a)(2) (2015). Romero's case was governed by U.S.S.G. § 4B1.2(b). Section 4B1.2(b) does not contain the same language. *Johnson* and *Welch* do not appear to apply to his case. The Supreme Court's decision in *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886, 892, 897 (2017), appears to prohibit application of *Johnson* and *Welch* to the career offender provision of the advisory Sentencing Guidelines.

Second, Romero's argument regarding subject-matter jurisdiction proves

problematic. No defect appears in the Indictment. The Indictment gave notice of the possibility of an enhanced sentence. *See* Indictment (Doc. 20) at 2 (caption) ("TITLE 21 PENALTIES MAY BE ENHANCED BY PRIOR DRUG-RELATED FELONY CONVICTIONS"). The elements of the charge in Count 2 are set forth in 21 U.S.C. §§ 846 and 841(a)(1). Both those elements and "drug quantity and type, which fix the maximum sentence for a conviction . . . must be charged in the indictment." *United States v. Buckland*, 289 F.3d 558, 568 (9th Cir. 2002) (en banc). The Indictment complied. Count 2 alleged that Romero "knowingly and unlawfully conspired and agreed to possess, with intent to distribute . . . a substance containing a detectable amount of cocaine." Indictment at 3-4.

The United States also filed an Information under 21 U.S.C. § 851 "before entry of a guilty plea." 21 U.S.C. § 851(a)(1). The United States filed the Information on August 13, 2012, and Romero entered his guilty plea on August 23, 2012. The United States's filing of the Information elevated Romero's maximum sentence from 20 to 30 years. *See* 21 U.S.C. § 841(b)(1)(C). The filing of the Information also elevated Romero's base offense level under the career offender provision from 32 to 34. *See* U.S.S.G. § 4B1.1(b)(2), (3), Application Note 2.

Romero's motion to amend raises no plausible claims. All claims in it are denied for lack of merit.

# V.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2255 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Romero's designation as a career offender based on two prior felony convictions in California and Washington for controlled substance offenses significantly increased his sentence.  It appears that Romero's plea agreement waived his right to challenge the sentence under 28 U.S.C. § 2255.  It seems impossible, therefore, to reassess his sentence in light of *Descamps* and *Mathis*, or to reconsider whether the sentence is reasonable.

The fact that both California and Washington have legalized marijuana does not appear to alter the fact that Romero had been convicted of acts that were felony drug crimes when he engaged in them.  The Supreme Court's decisions in *Johnson* and *Welch* regarding the Armed Career Criminal Act would have no application to

14

Romero's case, which is governed the Sentencing Guidelines and prior drug convictions. The Ninth Circuit has yet to address these two issues directly. Amendments to state drug laws and the Sentencing Guidelines could cause reasonable jurists to disagree as to their effect. Finally, there was no defect in the Indictment or in the § 851 Information filed against Romero.

Accordingly, IT IS HEREBY ORDERED:

1. The stay imposed on January 6, 2017 (Doc. 160), is LIFTED.

2. Romero's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 157, 158, 167) is DENIED;

3. A certificate of appealability is DENIED with respect to Romero's claim that his prior felony drug convictions do not qualify as predicate offenses for the career offender enhancement. A certificate of appealability is also DENIED with respect to Romero's claim that his federal sentence was unreasonable. A certificate of appealability is GRANTED with respect to Romero's claim that the character of his prior convictions changed when California and Washington amended the statutes he was convicted of violating. The Clerk of Court shall immediately process the appeal if Romero files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-111-GF-BMM are terminated and shall close the civil file by entering

judgment in favor of the United States and against Romero.

DATED this 12th day of October, 2017.

Brian Morris
United States District Court Judge