IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 12-51-GF-BMM |
| Plaintiff, | |
| vs. | ORDER |
| LOUIS JAMES ROMERO, | |
| Defendant. | |

Defendant Romero moved the Court (Doc. 208) on June 18, 2019 to reduce his sentence under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (Dec. 21, 2018), 18 U.S.C. § 3582(c)(2), and Amendments 782 and 788 to the United States Sentencing Guidelines.

The Court stayed the motion (Doc. 211) due to a pending appeal on a different motion. The Ninth Circuit decided the pending appeal on October 21, 2019. The mandate issued on December 13, 2019 (Doc. 215), and the stay has been lifted.

Romero pled guilty to conspiring to possess a detectable amount of cocaine with intent to distribute it in violation of 21 U.S.C. §§ 841(a) and 846. Romero's two prior felony convictions for controlled substance offenses led to his designation as a career offender under the United States Sentencing Guidelines.

1

Had his sentence been based solely on the drug offense, Romero's advisory guideline range would have been 70 to 87 months. Romero's career offender designation instead moved his advisory guideline range to 188 to 235 months. The presiding judge sentenced Romero to serve 235 months in prison, to be followed by six years' supervised release. *See* Indictment Count 2 (Doc. 20) at 3–4; Plea Agreement (Doc. 63) at 2–3 ¶ 2; Minutes (Docs. 76, 113); Presentence Report ¶¶ 24–34, 51–53; Judgment (Doc. 114) at 2–3.

In 2014, when the Sentencing Commission lowered the guideline ranges applicable to drug offenses under U.S.S.G. § 2D.1.1, *see* U.S.S.G. Amendments 782, 788 (Nov. 1, 2014), Romero moved for a reduced sentence. The Court denied Romero's motion on January 9, 2015. *See* Mot. (Doc. 135); Order & Am. Judgment (Docs. 136, 137). The Ninth Circuit affirmed denial of the motion because Romero's sentence had not been based on U.S.S.G. § 2D1.1, but had been based on the career offender provision, U.S.S.G. § 4B1.1. *See* 9th Cir. Order (Doc. 161) at 1–2; *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009).

Romero now argues that the First Step Act authorizes a new sentence. He asserts "the 'First Step Act of 2018' . . . made the changes under the Fair Sentencing Act retro-active" and "also extended the reductions set forth in Amendment 782 to career offenders." Mot. to Reduce Sentence (Doc. 208) at 7–8; *see also id*. at 9; Reply (Doc. 220) at 1–3.

2

Romero correctly asserts that the First Step Act makes the Fair Sentencing Act retroactive, but the Fair Sentencing Act does not apply to him. The Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) by increasing the amount of cocaine base, commonly called "crack," required to qualify an offender for mandatory minimum and elevated maximum sentences. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372 (Aug. 3, 2010). Romero's penalty range was not set by 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii), but by § 841(b)(1)(C). He was not convicted or sentenced for cocaine base, but for cocaine. The maximum penalty was elevated not based on drug quantity, but based on his prior conviction. *See* Plea Agreement (Doc. 63) at 2–3 ¶ 2; Information (Doc. 66).

Further, if the Fair Sentencing Act applied to Romero, he already would have benefitted from it. President Obama signed the Act into law on August 3, 2010. *See* 124 Stat. at 2375. Romero pled guilty to acts committed after that date, "on or before November 2010, and continuing through at least May 2011." Indictment (Doc. 20) at 3; *see also United States v. Baptist*, 646 F.3d 1225, 1227–30 (9th Cir. 2011) (per curiam) (holding that Act did not apply to defendants sentenced before August 3, 2010). Had Romero been sentenced for crack, the Fair Sentencing Act would have applied to him at his sentencing hearing on December 12, 2012. Romero was not sentenced for trafficking in crack.

Finally, the First Step Act does not do what Romero claims. It does not apply Amendment 782 to career offenders. Neither 18 U.S.C. § 3582(c)(2) nor its interpretation in *Dillon v. United States*, 560 U.S. 817 (2010), relate to Romeo's case.

The Court does not view Romero's motion as seeking compassionate release under 18 U.S.C. § 3582(c)(1). Romero confirms this view. *See* Reply at 2.

Accordingly, IT IS ORDERED that Romero's motion to reduce his sentence (Doc. 208) is DENIED.

DATED this 14th day of January, 2020.

/s/ Brian Morris
Brian Morris
United States District Court Judge