IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>LOUIS JAMES ROMERO,<br><br>Defendant/Movant. | Cause No. CR 12-51-GF-BMM<br>CV 20-37-GF-BMM<br><br>ORDER DISMISSING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On December 12, 2012, United States District Judge Sam E. Haddon sentenced Defendant Romero to serve 235 months in prison, to be followed by a six-year term of supervised release, based on Romero's guilty plea to conspiracy to possess cocaine with intent to distribute it. *See* Judgment (Doc. 114) at 1–3. The sentence fell at the top end of an advisory guideline calculation finding Romero to be a career offender because he had two previous convictions for felony controlled substance offenses. *See* Statement of Reasons (Doc. 115) at 1 §§ I(A), III; Presentence Report ¶¶ 25–34, 45, 47, 52–53.

On April 27, 2020, the Court received from Romero a letter he wrote to "notify the Court on my actual innocence of being a career offender." Letter (Doc. 222) at 1. He asserts that his "marijuana felony charge has been dropped to a

1

misdemeanor" under Proposition 64, *see id.*, a California voter initiative that altered the State's criminal laws governing marijuana.

Because the letter asserts that Romero's current sentence is legally wrong, it is in reality a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *See, e.g.*, *United States v. Washington*, 653 U.S. 1057, 1059 (9th Cir. 2011). Technically, that means the Court lacks jurisdiction to consider whether the letter/motion has merit. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

This technicality need not deceive anyone. The Ninth Circuit has already said that Romero's claim lacks merit. Romero's first motion under 28 U.S.C. § 2255 (Doc. 157) presented the same argument that he now presents. The Ninth Circuit held as follows:

> At the time of Romero's federal offense, he had sustained two prior controlled substance offenses, which qualified him as a career offender. Any change in the status of those prior offenses under state law cannot affect that determination.

Mem. (Doc. 212) at 2, *United States v. Romero*, No. 18-35936 (9th Cir. Oct. 21, 2019).

Romero's federal sentence is not affected by California's or Washington's revisions of their criminal laws. Those revisions do not make him actually innocent of being a career offender.

Romero is not entitled to proceed under the recent decision in *Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020). First, he certainly had an "unobstructed procedural shot," *see Allen*, 950 F.3d at 1190–91, at presenting his current claim when he filed his first § 2255 motion. He actually took the shot. *See Allen*, 950 F.3d at 1192; *see also* 28 U.S.C. § 2244(b)(1). And second, even if *Allen* applied, Romero would not be entitled to relief under 28 U.S.C. § 2241. His shot misses the mark.

In sum, the Court must recharacterize Romero's letter as an unauthorized second § 2255 motion and dismiss it for lack of jurisdiction. It should be clear to Romero that Proposition 64 does not support a claim for resentencing or a sentence reduction.

Reasonable jurists could not disagree with either the procedural or the substantive ruling. The Court of Appeals has already decided Romero's claim. A certificate of appealability, *see* 28 U.S.C. § 2253(c), is not warranted.

Accordingly, IT IS ORDERED:

1. Romero's letter, recharacterized as a motion under 28 U.S.C. § 2255, is DISMISSED for lack of jurisdiction as an unauthorized second or successive motion.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Romero files a notice of appeal.

3.  The clerk shall close the civil file by entering, by separate document, a judgment of dismissal.

DATED this 29th day of July, 2020.

_____
Brian Morris, Chief District Judge
United States District Court