IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

LOUIS JAMES ROMERO,
Petitioner,

DEC 22 2020

Clerk, U.S. Courts
District of Montana
Missoula Division

v.

Case No. 4:12-CR-00051-BMM

UNITED STATES OF AMERICA,
Respondent.

MOTION FOR COMPASSIONATE RELEASE PURSUANT
TO 18 U.S.C. § 3582(C)(1)(A)(i)

Comes Now, pro-se petitioner, Louis James Romero, who respectfully moves this Court pursuant to the newly-amended 18 U.S.C. § 3582(C)(1)(A)(i) for an order reducing his sentence to time served based on his medical issues and non-medical issues as will be discussed infra.

## BACKGROUND

On December 12, 2012, United States District Judge Sam E. Haddon sentenced Defendant Romero to serve 235 months in prison, to be followed by a six-year term of supervised release, based

1.

on Romero's guilty plea to conspiracy to possess cocaine with intent to distribute it. See Judgment (Doc. 114) at 1-3. The sentence fell at the top end of an advisory guideline calculation finding Romero to be a career offender because he had two previous convictions for felony controlled substance offenses. See Statement of Reasons (Doc. 115) at 1 §§ I (A), III; Presentence Report ¶¶ 25-34, 45, 47, 52-53.

Romero filed his initial/first motion under 28 U.S.C. §2255 on 11-01-2016 (Doc. 157). Romero appealed the District Court's denial of his first 28 U.S.C. §2255, which was affirmed on October 21, 2019; See Mem. (Doc. 212) at 2 United States v. Romero, No. 18-35236 (9th Cir. Oct. 21, 2019).

On April 27, 2020, the Court received from Romero a Letter he wrote to "Notify the Court on my actual innocence of being a career offender." Letter (Doc. 222) at 1.

The Court denied Romero's Letter, recharacterized as a motion under 28 U.S.C. §2255, on 09-29-2020 See (Doc. 223).

### JURISDICTION

On December 21, 2018, the President signed the First Step Act into law. Among the Criminal Justice reforms, Congress amended 18 U.S.C. § 3582(c)(1)(A)(i) to provide the sentencing judge jurisdiction to consider a defense motion for reduction of sentence under the sub-section when "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendants behalf." First Step Act of 2018 at 119.

Romero exhausted all of his administrative remedies, by seeking compassionate release through the warden at F.C.I. Edgefield, on 03-30-2020, Warden Phelps denied the request on 04-27-2020, Romero appealed the wardens denial on 05-07-2020, BP-9, The BP-9 was denied on 06-09-2020, Romero's BP-10 Remedy ID # 1020561-R1 was received by the B.O.P. on 07-07-2020, and Romero received the notice that it was received on 10-23-2020. Romero then proceeded with his BP-11 10-30-20, Romero is awaiting the denial, and as of 12-07-20 he has not received one, and has thus exhausted all his available remedies and now seeks to petition this court with his pro-se Compassionate Release request. See Attached Request to WARDEN AND ADMINISTRATIVE REMEDIES EXHIBIT A.

3.

## EXTRAORDINARY AND COMPELLING REASONS

In 2017 the State of California passed a New Law which here-in-after is referred to as "Proposition 64". On 11-08-2016 California Voters passed "The Adult Use of Marijuana Act". Among its many stated purposes, Proposition 64 "Authorizes Courts" to resentence persons who are currently serving a sentence for offenses for which a penalty is reduced by the act, so long as the person does not pose a risk to public safety, and to redesignate or dismiss such offenses from the criminal record of persons who have completed their sentence as set forth in this Act.

Proposition 64 reduced some felonies to misdemeanors and allowed for post-conviction relief. Petitioner Romero's June 24th 1996 Conviction for possession of Marijuana for sale Section 11361.8(B) of the Health and Safety Code has been recalled, the said conviction is now designated as a Misdemeanor Conviction rather than a felony. See Attached Certified Copy of the minute order Case No: VA037599 EXHIBIT B.

Romero's claim is that it is an "Extraordinary and Compelling Reason" to reduce his sentence to time served since one of the two prior Controlled Substances offenses that was used to designate him as a Career offender,

4.

has been retroactively recalled and reduced from a felony to a misdemeanor, and that it would violate his due process rights and eighth amendment rights to leave this in place. See U.S.D.C. for the Ninth Circuit, United States v. Clay, 2018 U.S. Dist LEXIS 233142, July 12, 2018. See also EXHIBIT B.

### EXTRAORDINARY MEDICAL ISSUES

Romero suffers from several medical conditions, e.g., Hepatitis C, Sirosis of the Liver, Spinal miningitis, C5 Vertebre Pinching, and Mental Health Problems (P.T.S.D.),

Romero meets several risk factors identified by Chris Beyrer, MD, MPH Professor of Epidemiology Johns Hopkins Bloomberg School of Public Health, Baltimore, MD. id his Declaration for Persons in Detention and Detention Staff COVID-19 report. See ATTACHED EXHIBIT C.

### APPLICATION NOTE 1 OF § 1B1.13

The Commission set out categories of qualifying reasons: (A) "Medical Conditions of the Defendant," including subparagraphs for terminal illness and

5.

for other serious conditions and impairments; (B) "Age of the Defendant," for those 65 and older with serious deterioration related to aging who have completed at least 10 years, or 75 percent of the term of imprisonment; (C) "Family Circumstances," where a child's caregiver dies or becomes incapacitated or a spouse becomes incapacitated without an alternative caregiver; and (D) "Other Reasons" as defined by the BOP.

Romero brings his request pursuant to Application Note 1 of § 1B1.13 (A), and (D).

### SECTION 3553(a) FACTORS AND RISK TO OTHERS AND THE COMMUNITY

Romero argues that he is not a risk to others or the community and that the time he has already served should have met many of the original sentencing goals: The Supreme Court's opinion in Pepper v. United States, provides an excellent format for relating post-offense rehabilitation to § 3553 (a) factors. 562 U.S. 476, 490-93 (2011).

Romero has been programming and has worked towards rehabilitation, by participating in Anger Management, Anxiety and PTSD class,

Positive Parenting class, Non-Residential Drug Abuse Program (NRDAP), Drug Education, plus he completed the UNICOR Quality Policy briefing and "Introduction to ISO 9001-2008 General Employee Training" video course. See ATTACHED EXHIBIT D.

Romero has worked in Unicor, for years now and has stayed out of trouble, and has family support upon his release.

### APPOINTMENT OF COUNSEL

Romero requests the Court to appoint counsel in the interest of justice. The Supreme Court recognized that the right to counsel extends to post-sentencing proceedings related to the underlying judgment in Mempa v. Rhay, 389 U.S. 128, 135 (1967).

The Criminal Justice Act specifically provides that a person who had counsel appointed under the CJA for a felony charge is entitled to be represented at every stage of the proceedings, "including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c).

Romero satisfies both criteria above.

### HOME PLAN

LOUIS ROMERO, SR.
4049 Hammel Street,
HAZARD, CA  90063

### JOB PLAN

### SOCIAL SECURITY

### MEDICAL PLAN

### SIGN UP FOR MEDICAID

### CONCLUSION

FOR the foregoing reasons, Romero respectfully requests that the Court grant reduction in his sentence to time served as requested.

Respectfully submitted this 15TH day of December, 2020.

Louis Romero
Petitioner, pro-se

8.

## CERTIFICATE OF SERVICE

This is to certify that the undersigned did mail a true and correct copy of petition

TO: United States Attorney's Office
    P.O. Box 3447
    119 1st Avenue North Suite 300
    Great Falls, Montana
               59403-3447

On This 15th day of December, 2020

_David Romero_
          Petitioner, Pro-Se)