# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 12-51-GF-BMM |
| Plaintiff, | |
| vs. | **ORDER** |
| LOUIS JAMES ROMERO, | |
| Defendant. | |

## BACKGROUND

Louis James Romero moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 226.) Romero is currently serving a sentence of 235 months for conspiracy to possess with intent to distribute methamphetamine. (Doc. 113.) Romero has served approximately 120 months of his sentence. (Doc. 231 at 4.) Romero's scheduled release date is March 31, 2029. *See* Inmate Locator, www.bop.gov/inmateloc (accessed June 1, 2022).

Romero is currently incarcerated at Edgefield FCI. *Id.* Greenville FCI is operating at a Level 3 Modified Operational Level as a result of a nationwide surge

1

of COVID-19 cases resulting from the Omicron variant. *See* Modified Operational Levels, www.bop.gov/coronavirus/ (accessed June 1, 2022). Edgefield FCI has no inmates and no staff members currently dealing with COVID-19 and has had 270 inmate and 37 staff member COVID-19 cases throughout the course of the pandemic. *See* COVID-19 Cases, www.bop.gov/coronavirus/ (accessed June 1, 2022).

## I.     Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The First Step Act amendments to 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3582(c)(1)(A) prove especially relevant to Romero's motion.

Where, as here, a motion for a sentence reduction is well taken, the Court may modify a term of imprisonment following a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* When deciding whether to reduce a sentence, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)–(2).

Congress has not defined those circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant

2

alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the Sentencing Commission to issue a policy statement in which it describes "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); Brown, 411 F. Supp. 3d at 448.

The relevant Sentencing Commission policy statement lies in USSG § 1B1.13, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"). Notably, the Sentencing Commission has not amended the Policy Statement since passage of the First Step Act. *See United States v. Haynes*, 456 F. Supp. 3d 496, 507 (E.D.N.Y. 2020); *Brown*, 411 F. Supp. 3d at 448. A number of district courts have noted the unlikelihood of the Sentencing Commission updating the Policy Statement in the foreseeable future, as the Sentencing Commission requires four voting Commissioners to adopt a proposed amendment, and currently has only two voting Commissioners. *See, e.g., Haynes*, 456 F. Supp. 3d at 510 n.20; *Brown*, 411 F. Supp. 3d at 449 n.1; *United States v. Cantu*, 423 F. Supp. 3d 345, 347–48 n.1 (S.D. Tex. 2019); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020); *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Handerhan*, No. 110-CR-00298, 2019 WL 1437903, at *1 n.4 (M.D. Pa. Apr. 1, 2019).

The "Commentary" to the Policy Statement lists five "Application Notes," the terms of which evidence the Policy Statement's inapplicability to the amended § 3582(c)(1)(A). *See* USSG § 1B1.13 n.1–5. Note 1 lists those circumstances that qualify as "extraordinary and compelling," including the defendant's medical condition, age, family circumstances, and "Other Reasons." *Id.* n.1(A)–(D). The "Other Reasons" subdivision to Note 1 provides as follows: "As determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D) (emphasis added). Notes 4 and 5 likewise "speak plainly to the BOP's exclusive gate-keeping authority pre-[First Step Act]." *Haynes*, 456 F. Supp. 3d at 508. Note 4 provides, for example, that a "reduction under this policy statement may be granted only upon motion by the Director of the [BOP] pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13 n.4 (emphasis added).

The pre-First Step Act Policy Statement does not account for amendments to § 3582(c)(1)(A), namely, removal of BOP's sentinel authority over sentence reduction petitions and extension to defendants of the right directly to move for a sentence reduction. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Policy Statement instead contemplates only motions filed by the BOP Director. *Id.*; *see also* USSG § 1B1.13.

When the First Step Act's amendments of § 3582(c)(1)(A) became effective, a split in authority emerged over whether the Policy Statement at USSG § 1B1.13 remained "applicable" to § 3582(c)(1)(A) motions directly filed by defendants. *See Beck*, 425 F. Supp. 3d at 579 (quoting § 3582(c)(1)(A)(i)'s requirement that a court's sentencing reduction must be "consistent" with any "applicable" policy statements); *Cantu*, 423 F. Supp. 3d at 351 ("Given the changes to [§ 3582(c)(1)(A)], the policy-statement provision that was previously applicable . . . *no longer fits* . . . and thus does not comply with the congressional mandate that the policy statement must provide guidance on the appropriate use of sentence-modification provisions under § 3582." (emphasis in original)); *Haynes*, 456 F. Supp. 3d at 511–13 (citing "at least twelve" other federal district courts that have held the Policy Statement's "extraordinary and compelling reasons" list to be unexhaustive for defendants' direct sentence reduction motions).

The Ninth Circuit subsequently issued its decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). The *Aruda* decision makes clear that the Policy Statement at USSG § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d at 801. Where a court considers a sentence reduction motion directly filed by a defendant under the First Step Act, the substantive standards for what may qualify as extraordinary and compelling expand beyond the bounds of guidance provided in USSG § 1B1.13's

Policy Statement Application Notes. *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021); *see also Haynes*, 456 F. Supp. 3d at 511–13; *Cantu*, 423 F. Supp. 3d at 350–52; *Beck*, 425 F. Supp. 3d at 578–80 (M.D.N.C. 2019); *Brown*, 411 F. Supp. 3d at 451.

Although the Policy Statement may provide helpful guidance, *see United States v. Booker*, 543 U.S. 220, 245 (2005), "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *Beck*, 425 F. Supp. 3d at 579; *see also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). The Court will look to additional considerations outside those listed in the Policy Statement to determine whether extraordinary and compelling circumstances compel a reduction in Romero's sentence.

## II. Whether Romero has Demonstrated Extraordinary and Compelling Reasons

Despite this Court's determination that it has discretion to provide relief, Romero still must demonstrate that extraordinary and compelling reasons support a reduction of his sentence. *Maumau*, 2020 WL 806121, at *5. Romero has cited in support of his motion the COVID-19 pandemic and the alleged reduction of his 1996 felony conviction for marijuana to a misdemeanor that previously designated him as a career offender. (Doc. 226 at 4-5.) At the time of Romero's sentencing, U.S.S.G. § 4B1.1 designated a defendant as a career offender if the defendant was at least

eighteen years old, the instant offense was a controlled substance offense, and the defendant had two prior felony convictions. Such designation would increase a defendant's total offense level and criminal history category. U.S.S.G. § 4B1.1(b). Romero had two prior felony convictions for felony-controlled substance offenses when sentenced in 2012. (Doc. 231 at 3.) Romero argues that the Court should reduce his current federal custodial sentence given that his 1996 felony conviction has been reduced to a misdemeanor and, as a result, that he cannot be considered career offender. (Doc. 226 at 5.) Romero argues that a failure to reconsider his sentence based on the retroactive reduction of his felony to a misdemeanor would violate his due process and eighth amendment rights. *Id.*

The Court determines that extraordinary and compelling reasons exist to reduce Romero's sentence, but not to grant Romero's motion for compassionate release effective immediately. The Court determines that Romero has not demonstrated an extraordinary and compelling need for his immediate release with respect to his arguments regarding his designation as a career offender.

With respect to Romero's concerns regarding the COVID-19 pandemic, the Court has consistently noted that correctional facilities create a high-risk environment for the spread of COVID-19, which poses a particular danger to prisoners with pre-existing conditions. *See For People Living in Prisons and Jails*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-

ncov/need-extra-precautions/living-prisons-jails.html (Accessed June 1, 2022). A prisoner's history of substance abuse, when considered alongside the heightened risk of contracting COVID-19 in a prison setting, can constitute an extraordinary and compelling reason for compassionate release. (Doc. 101-1 at 12-14, No. 2:15-CR-00118-KJM (E.D. Cal. 2021).) Romero was treated for Hepatitis C in 2020. (Doc. 231 Ex. 1 at 226.) Romero also has elevated blood pressure and he has been treated for sleep apnea. *Id.* In addition, Romero claims that he suffers from cirrhosis of the liver, spinal meningitis, a pinched vertebrae, and mental health issues. (Doc. 226 at 5.) Romero remains at risk of contracting the disease. *See* COVID-19 Cases, www.bop.gov/coronavirus/ (accessed June 1, 2022). (indicating active cases at the time of filing).)

It is impossible to surmise exactly how likely Romero is to become ill, but recent studies indicate that there are significant chances of a person developing long-term health impacts after contracting COVID-19. *See* Maxime Taquet et al., *Incidence, co-occurrence, and evolution of long-COVID features: A 6-month retrospective cohort study of 273,618 survivors of COVID-19,* PLOS Medicine, Sept. 2021. *See* COVID-19 Cases, www.bop.gov/coronavirus/ (accessed June 1, 2022). The longer Romero remains in a confined facility, the longer he remains at higher risk. The Court determines that COVID-19 poses a continued risk to Romero's health. In light of the Covid-related concerns for Romero's health,

combined with the extraordinary and compelling reasons argued by Romero, the Court will reduce Romero's sentence to 188 months.

Reducing Romero's sentence to a total of 188 months comports with the 3553(a) sentencing factors. Romero faced a base offense level of 23 and was a criminal history category IV. (Doc. 231 at 3.) The Court concluded, however, that Romero qualified as a career offender based on two prior felony convictions involving the distribution of marijuana. *Id.* This career offender designation elevated Romero's total offense level to 31, a criminal history category of VI, and a guideline range of 188 to 235 months. The Court has applied similar sentences to Romero's reduced sentence where the defendant faced a similar guideline range. *See, e.g.*, *United States v. Nelson,* 4:16-CR-23-BMM-1, Doc. 101 (120 months); *United States v. Mitchell*, 4:13-CR-105-BMM-1, Doc. 104 (132 months); *United States v. Stebbins*, 4:20-CR-49-BMM-1, Doc. 76 (150 months).

Accordingly, **IT IS ORDERED**:

Romero's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is **GRANTED, IN PART, AND DENIED, IN PART**. The Court reduces Romero's sentence to a total period of 188 months.

DATED this 2nd day of June, 2022.

_____
Brian Morris, Chief District Judge
United States District Court